Jennifer R. Barnes
Federal Defenders of Eastern Washington & Idaho
306 E. Chestnut Ave.
Yakima, WA 98901
(509) 248-8920

Attorney for Defendant
Elvia Dolores Beltran

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON
The Honorable Mary K. Dimke

| | |
|---|---|
| United States of America,<br><br>                              Plaintiff,<br><br>       v.<br><br>Elvia Dolores Beltran,<br><br>                              Defendant. | No. 4:21-cr-6027-MKD<br><br>**Notice of Intent to Plead Guilty to the Indictment**<br><br>**Change of Plea Hearing<br>June 27, 2024, 1:30 p.m.<br>Richland, Washington** |

Elvia Beltran hereby submits notice that she intends to enter a plea of guilty, without the benefit of a written plea agreement, to the single count of the pending Indictment[1] which charges her with failure to surrender for service of a sentence. The parties were unable to come to terms on any plea agreement. Ms. Beltran nevertheless wishes to plead guilty and accept responsibility for her actions without delay.

//

---

[1] ECF 1.

Notice of Intent to Plead Guilty: 1

Because there is no written plea agreement, Ms. Beltran files this notice to make clear to the Court that she understands the charge, the maximum penalties, the elements the United States would have to prove at trial, and the rights that she is waiving by pleading guilty. Ms. Beltran is also proffering a factual basis sufficient for the Court to accept her guilty plea.

## I. Charge and Penalties

Ms. Beltran is charged with a single count of failure to surrender for service of sentence, in violation of 18 U.S.C. § 3146(a)(2). The offense carries no statutory mandatory minimum and a maximum of 10 years' imprisonment. Punishment can also include a maximum fine of $250,000. The Court may impose a term of supervised release of up to 3 years. Like all federal felonies, there is a $100 special penalty assessment. Ms. Beltran understands that if a period of supervised release is imposed, a violation of a condition of supervised release carries the possibility of an additional penalty of re-imprisonment without credit for time previously served on post-release supervision.

Ms. Beltran also understands that any sentence imposed in this matter must be run consecutive to the underlying charge.[2]

//

//

---

[2] 18 U.S.C. § 3146(b)(2).

Notice of Intent to Plead Guilty:  2

## II. Waiver of Rights

Ms. Beltran understands entering a plea of guilty waives several of her constitutional rights, including: (1) the right to a jury trial; (2) the right to confront witnesses who would testify against her at trial; (3) the right to remain silent at trial; (4) the right to testify at trial; and (5) the right to compel witnesses to testify on her behalf during a trial. Ms. Beltran waives these rights by pleading guilty but retains the right to be assisted by counsel (at no cost to her) through her sentencing and any direct appeal of her conviction. Ms. Beltran understands that any pretrial motions pending at the time of her change of plea will be denied as moot.

## III. Elements

Ms. Beltran understands that, for her to be convicted of the pending charge, the United States must prove beyond a reasonable doubt the following elements:[3]

1. First, Ms. Beltran had been convicted of an offense in the United States District Court for the Eastern District of Washington and was sentenced to a term of imprisonment.[4]

2. Second, Ms. Beltran was ordered to report to begin serving her sentence on February 19, 2019.[5]

---

[3] *See* Ninth Circuit Pattern Criminal Jury Instruction 8.195.

[4] 4:17-cr-6038-SMJ-1 (now 4:17-cr-6038-MKD).

[5] The Indictment also alleges that Ms. Beltran had been released pursuant to chapter 207 of Title 18, United States Code (the Bail Reform Act), while awaiting service of her sentence, but that is not an essential element for this offense. *See United States v. Caballero*, 714 F. Appx. 623 (9th Cir. 2017) (unpublished). To the extent that it is deemed to be necessary, Ms. Beltran agrees that she was released as stated in the Indictment.

Notice of Intent to Plead Guilty:  3

3. Third, that Ms. Beltran knew of the order to surrender on February 19, 2019.

4. Fourth, Ms. Beltran intentionally failed to surrender to the Bureau of Prisons as ordered on February 19, 2019.

### IV. Factual Basis

Ms. Beltran stipulates that the United States could prove the following facts beyond a reasonable doubt if this case proceeded to trial. Ms. Beltran reserves the right to present additional facts to the Court prior to or at the time of sentencing.

On or about January 14, 2019, Ms. Beltran was sentenced to 33 months imprisonment.[6] At that time, she was permitted to remain on release status until the Bureau of Prisons (BOP) directed her to surrender for service of her sentence. Ms. Beltran was informed that she was to report no later than February 19, 2019 to the BOP Federal Detention Center at SeaTac, Washington. However, she did not report as she was directed on February 19, 2019. Ms. Beltran knew she had been ordered to report to serve her prison sentence, and she intentionally failed to do so. She was apprehended in the Western District of Washington in May of 2024 at which time she was transferred to the Eastern District of Washington for arraignment on the instant case.

### V. Effects of Pleading without a Written Agreement

Ms. Beltran understands the implications and effects of pleading guilty without a written agreement with the United States. Ms. Beltran understands that the United States will be free to argue for any lawful sentence, and the Court will be free to impose

---

[6] *See* 4:17-cr-6038-SMJ-1 (now 4:17-cr-6038-MKD) at ECF 93.

Notice of Intent to Plead Guilty:  4

any lawful sentence. Ms. Beltran further understands that the United States will have made her none of the promises typically made in a written plea agreement, such as bringing no additional charges against her. Ms. Beltran further understands that she will maintain her right to challenge and appeal all components of her sentence, including special assessments, fines, and restitution. Ms. Beltran further understands that she will maintain her right to file a motion seeking a sentence reduction under 18 U.S.C. §3582(c)(1)(A). Ms. Beltran has discussed with her counsel extensively whether to plead guilty, and whether to do so with or without a written agreement. Ms. Beltran makes this decision knowingly, intelligently, and voluntarily. Counsel has no concerns about Ms. Beltran's decision-making with regard to this process.

Dated:  June 26, 2024.

By s/ Jennifer Barnes
Jennifer Barnes, WSBA# 23664
Federal Defenders of Eastern
Washington and Idaho
306 East Chestnut Avenue
Yakima, Washington 98901
(509) 248-8920
(509) 248-9118 fax
Jennifer_barnes@fd.org

Notice of Intent to Plead Guilty:  5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**Certificate of Service**

I hereby certify that on June 26, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following: Stephanie Van Marter, Assistant United States Attorney.

s/ Jennifer Barnes
Jennifer Barnes